IN RE: MEDICAL REVIEW PROCEEDINGS
OF DENIELLE POREE

NO. 24-CA-194

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 841-449, DIVISION "A"
HONORABLE RAYMOND S. STEIB, JR., JUDGE PRESIDING

November 27, 2024

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and John J. Molaison, Jr.

**<u>AFFIRMED</u>**
 **JGG**
 **FHW**
 **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
DANIELLE POREE
Brandon D. Spann
Leo Caillier, III

COUNSEL FOR DEFENDANT/APPELLEE,
AMBROSE MARTIN III, DDS, AND GENTILLY FAMILY DENTAL, LLC
L. David Adams
Micholle Walker Mordock
Phiyen H. Phan

**GRAVOIS, J.**

In this medical malpractice action, plaintiff, Danielle Poree, appeals the trial court's February 27, 2024 judgment which granted the Motion to Enforce Judgment and/or Re-Urged Peremptory Exception of Prescription filed by Ambrose M. Martin, III, DDS and Gentilly Family Dental, LLC (hereinafter sometimes referred to collectively as "defendants"), and dismissed Ms. Poree's action against defendants and the underlying medical review panel proceeding with prejudice at her costs. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

On February 10, 2022, Ms. Poree went to Dr. Martin at Gentilly Family Dental to have a tooth pulled. While Ms. Poree was sedated, Dr. Martin allegedly pulled the wrong tooth. After she was informed of the error, Ms. Poree wanted to leave the office, but she was "forced" to proceed with a temporary bridge, which allegedly damaged two other teeth.

Ms. Poree filed suit in Orleans Parish Civil District Court, case number 2022-8838, on September 21, 2022, against Dr. Martin, Gentilly Family Dental, LLC, and "ABC Insurance Company."[1] In response, on February 13, 2023, Dr. Martin and Gentilly Family Dental filed a Dilatory Exception of Prematurity, claiming they are qualified healthcare providers enrolled with the Patient's Compensation Fund ("PCF") and Ms. Poree's claims must first be presented to a medical review panel.[2]

On the next day, February 14, 2023, Ms. Poree filed a request for a medical review panel with the Louisiana Division of Administration. Ms. Poree claimed on February 10, 2022, Dr. Martin, with the assistance of Gentilly Family Dental,

---

[1] "ABC Insurance Company," ostensibly the unidentified liability insurer of Dr. Martin and Gentilly Family Dental, LLC, has not made any appearance in any of these proceedings.

[2] This pleading is not part of the record of this appeal.

"pulled the wrong tooth subsequently damaging two additional teeth in an attempt to cover up his negligence while the patient was sedated."

On March 24, 2023, the Orleans Parish Civil District Court sustained the Dilatory Exception of Prematurity and dismissed Ms. Poree's suit without prejudice.

Defendants filed a Petition to Institute Discovery Docket in the 24th Judicial District Court[3] and a Peremptory Exception of Prescription on June 7, 2023. Defendants argued Ms. Poree's request for a medical review panel is prescribed on its face since the date of the alleged malpractice is February 10, 2022, the request for a medical review panel was not filed until February 14, 2023, and Mr. Poree did not make any allegations of a delayed discovery of the malpractice. Defendants asserted that since Ms. Poree's Orleans Parish Civil District Court suit was dismissed as premature, it did not interrupt prescription.

Ms. Poree opposed the exception. She argued she filed suit in Orleans Parish Civil District Court within a year of the alleged malpractice, and thereafter, she granted defendants' requests for extension of time to file their Answer to her suit. She did not learn that defendants were enrolled with the PCF until they "strategically" filed their Dilatory Exception of Prematurity on February 13, 2023. Nonetheless, Ms. Poree argued she filed her request for a medical review panel within three years of the alleged malpractice.

On August 25, 2023, the trial court sustained defendants' Peremptory Exception of Prescription. Additionally, the trial court granted Ms. Poree 30 days "within which to **AMEND** her complaint to set forth any facts sufficient to establish delayed discovery of her malpractice claim, if any." (Emphasis in original.) The trial court ordered that if Ms. Poree failed to amend the claim as

---

[3] Defendants' Petition to Institute Discovery Docket was later amended to correct Ms. Poree's first name in the case caption.

directed, her action against defendants and the underlying medical review panel proceeding "shall" be dismissed with prejudice at her costs.

Ms. Poree did not amend her medical review panel complaint with the PCF as allowed by the trial court in said judgment. Instead, within 30 days, Ms. Poree filed a "Second Amended Petition for Damages" in the present discovery suit, reasserting the same factual allegations she made in her Orleans Parish Civil District Court petition. Defendants responded by filing a Motion to Enforce Judgment and/or Re-Urged Peremptory Exception of Prescription, and Dilatory Exception of Prematurity. Defendants argued Ms. Poree did not amend her medical review panel complaint with the PCF, and she did not allege any facts showing a delayed discovery of the malpractice.

Following a hearing on February 27, 2024, the trial court granted defendants' Motion to Enforce Judgment and/or Re-Urged Peremptory Exception of Prescription, and pursuant to the trial court's August 25, 2023 judgment, dismissed Ms. Poree's action against defendants and the underlying medical review panel proceeding with prejudice at her costs. Additionally, the trial court found the Dilatory Exception of Prematurity moot.

In written reasons for judgment, the trial court found that Ms. Poree's request for a medical review panel was prescribed on its face since it was filed more than a year after the malpractice occurred. Ms. Poree did not allege her discovery of the malpractice was delayed, and her premature suit filed in Orleans Parish Civil District Court did not interrupt prescription.

This appeal followed. On appeal, Ms. Poree argues that the "date of discovery" was February 13, 2023, when defendants informed her that they were enrolled in the PCF, and she filed her medical review panel complaint within a year of that date. She argues defendants intentionally withheld that they were enrolled in the PCF prior to February 13, 2023, and this should not bar her action.

She also asserts the Louisiana Medical Malpractice Act allows parties to waive the use of a medical review panel.

<u>**LAW AND ANALYSIS**</u>

An exception of prescription is a type of peremptory exception. The function of the peremptory exception is to have the plaintiff's action declared legally nonexistent, or barred by the effect of law, and hence this exception tends to dismiss or defeat the action. *Petty v. KAC Properties LLC*, 23-408 (La. App. 5 Cir. 3/27/24), 384 So.3d 1151, 1153. Ordinarily, the exceptor bears the burden of proof on trial of the peremptory exception, including prescription. *SS v. State, Dept. of Social Services*, 02-0831 (La. 12/4/02), 831 So.2d 926, 931. However, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show that the action has not prescribed. *Campo v. Correa*, 01-2707 (La. 6/21/02), 828 So.2d 502, 508. A petition is not prescribed on its face if it is filed within one year of discovery and particularly alleges facts to show the patient was unaware of malpractice before that date, so long as the filing delay was not willful, negligent, or unreasonable. *Id.* at 509.

When prescription is raised by peremptory exception, with evidence being introduced at the hearing on the exception, the trial court's findings of fact on the issue of prescription are subject to the manifest error-clearly wrong standard of review. La. C.C.P. 931; *Specialized Loan Servicing, L.L.C. v. January*, 12-2668 (La. 6/28/13), 119 So.3d 582, 584.

Louisiana Revised Statute 9:5628(A), which establishes the prescriptive period for medical malpractice claims, provides:

> No action for damages for injury or death against any physician, chiropractor, nurse, licensed midwife practitioner, dentist, psychologist, optometrist, hospital or nursing home duly licensed under the laws of this state, or community blood center or tissue bank as defined in R.S. 40:1231.1(A), whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission,

or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.

This statute provides that the prescriptive period for a medical malpractice action is one year from the date of the alleged act, omission, or neglect, or one year from the date of discovery of the alleged act, omission, or neglect, with one qualification that the discovery rule is made inapplicable after three years from the alleged act, omission, or neglect. *See Campo*, 828 So.2d at 514; *In re Med. Review Panel for Crane*, 20-259 (La. App. 5 Cir. 4/22/21), 347 So.3d 979, 984, *writ denied*, 21-707 (La. 9/27/21), 324 So.3d 95.

In her request for a medical review panel filed on February 14, 2023, Ms. Poree listed the date of the alleged malpractice as February 10, 2022, when Dr. Martin allegedly pulled the wrong tooth and subsequently injured two other teeth in an alleged attempted cover-up. She did not allege any facts to show her discovery of the malpractice was delayed. Upon review, we find Ms. Poree's medical review panel complaint is prescribed on its face; therefore, the burden shifted to Ms. Poree to prove her action was not prescribed.

Ms. Poree argues she filed suit in Orleans Parish Civil District Court within a year of February 10, 2022. In *LeBreton v. Rabito*, 97-2221 (La. 7/8/98), 714 So.2d 1226, the Louisiana Supreme Court ruled that in the medical malpractice context, the filing of suit prior to invoking a medical review panel does not interrupt or suspend the running of prescription. Since Ms. Poree's suit was filed before she invoked a medical review panel, it did not interrupt prescription.

Following a hearing on defendants' Peremptory Exception of Prescription on August 17, 2023, the trial court signed a judgment on August 25, 2023 sustaining the exception of prescription, but allowing Ms. Poree 30 days to amend her

"complaint" to set forth "any facts sufficient to establish delayed discovery of her malpractice claim, if any."[4]

In response to the trial court's August 25, 2023 judgment, Ms. Poree filed a "Second Amended Petition for Damages" in the present discovery suit. In the amended petition, Ms. Poree reasserted that she was a patient of Dr. Martin's on February 10, 2022, when he allegedly pulled a wrong tooth. When she was told the wrong tooth was pulled, she wanted to leave the office, but Dr. Martin forced her to undergo a temporary bridge which caused further damage to other teeth.

It is well established that under the "discovery rule," the one-year prescriptive period begins "when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort." *Campo*, 828 So.2d at 510. A prescriptive period begins to run even if the injured party does not have actual knowledge of facts that would entitle him to bring a suit, as long as he has constructive knowledge of such facts. *Id.* Constructive knowledge is "whatever notice is enough to excite attention and put the injured person on guard and call for inquiry." *Id.* at 510-11.

Upon review, we first find that Ms. Poree did not file an amendment to her medical review panel complaint as ordered by the trial court in its August 25, 2023 judgment. Nevertheless, based on the facts presented in her second amended petition, we find Ms. Poree was clearly put on notice of the alleged malpractice on the day of the incident—February 10, 2022. Ms. Poree failed to provide any facts

---

[4] La. C.C.P. art. 934, which allows for the amendment of pleadings to cure defects, provides:

> When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.

to establish delayed discovery of the alleged malpractice. Therefore, we find Ms. Poree failed to meet her burden of proving her action is not prescribed.

On appeal, Ms. Poree asserts the "date of discovery" was when she was first informed that defendants were enrolled in the PCF on February 13, 2023. However, we find no support for this argument. As previously noted, the "discovery rule" pertains to when a plaintiff "obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort." *Campo*, 828 So.2d at 510. Further, Ms. Poree has not cited to and we find no support for her argument that she should not be barred from bringing her action due to defendants' delay in informing her they were enrolled in the PCF.

Finally, Ms. Poree argues that because the Louisiana Medical Malpractice Act allows for the medical review panel to be waived, she should not be permanently barred from bringing her action. Louisiana Revised Statute 40:1231.8(B)(1)(c) provides that "[b]y agreement of all parties, the use of the medical review panel may be waived." No evidence was presented in the present case that the parties agreed to waive the medical review panel.

Accordingly, we conclude the trial court was not manifestly erroneous in finding that Ms. Poree's claims against defendants are prescribed.

## DECREE

For the foregoing reasons, the trial court's judgment which granted defendants' Motion to Enforce Judgment and/or Re-urged Peremptory Exception of Prescription and dismissed with prejudice Ms. Poree's action against defendants and the underlying medical review panel proceeding at her costs is affirmed.

## AFFIRMED

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **NOVEMBER 27, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 24-CA-194

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HON. RAYMOND S. STEIB, JR. (DISTRICT JUDGE)
BRANDON D. SPANN (APPELLANT)        L. DAVID ADAMS (APPELLEE)        PHIYEN H. PHAN (APPELLEE)

### MAILED
MICHOLLE WALKER MORDOCK
(APPELLEE)
ATTORNEY AT LAW
1100 POYDRAS STREET
SUITE 2700
NEW ORLEANS, LA 70163

LEO CAILLIER, III (APPELLANT)
ATTORNEY AT LAW
711 2ND STREET
GRETNA, LA 70053